UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RQ CONSTRUCTION, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>ECOLITE CONCRETE U.S.A., INC., ET AL.,<br><br>                Defendants. | Civil No. 09-CV-2728-BEN(WVG)<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR PROTECTIVE ORDER QUASHING OR LIMITING SCOPE OF THIRD PARTY SUBPOENAS<br>(Doc. No. 25) |

**I.    INTRODUCTION**

Defendants' Request for Protective Order Quashing or Limiting Scope of the Third Party Subpoenas (Doc. No. 25) is DENIED. Defendants request a protective order quashing or limiting the scope of Plaintiff's Subpoena Deuces Tecum to Defendants' insurance broker, Lemas & Associates, and to Defendants' insurance provider, Illinois Union Insurance Company. The Court finds the documents requested non-privileged and relevant to the case at bar.

**II.   BACKGROUND**

On June 23, 2010, Plaintiff notified Defendants regarding two subpoenas deuces tecum: one directed to their insurance broker, Lemas & Associates, and the other to their insurance carrier, Illinois Union Insurance Company.[1] The subpoenas demand compliance no

---

[1] Neither subpoena issued from the Southern District of California, but for sake of judicial economy this Court addresses the Defendants' objections.

later than August 6, 2010.[2] Neither insurance broker, nor carrier, object to the subpoenas. Defendants have filed the instant dispute over the subpoenas alleging financial privacy protections under the Gramm-Leach-Bliley Act and irrelevance.

**III.     DISCUSSION**

A subpoena may command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control. See Fed.R.Civ.P. 45(a)(1)(A)(iii). These items are properly discoverable if they relate to "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b). The information sought need not be admissible at the trial if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Id.  A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings.  Id.

In addition to the discovery standards under Rule 26 incorporated by Rule 45, Rule 45 itself provides that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... subjects a person to undue burden." Rule 45(c)(3)(A)(iv). Of course, "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.' " Compaq Computer Corp. v. Packard Bell Elec., Inc., 163 F.R.D. 329, 335-36 (N.D.Cal.1995). Underlying the protections of Rule 45 is the recognition that "the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery." Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir.1980) (citations omitted). Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the

///

---

[2] The parties' Joint Statement notes a new production date other than the July 30, 2010, deadline noticed on the subpoenas.

1 | subpoena. Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986);
2 | Gonzales v. Google, 234 F.R.D. 674, 680 (N.D.Cal.2006); see also Fed. R. Civ. Pro. 45(c)(3)(B)(iii).

3 |       Defendants assert that the information sought is protected under the Gram-Leach-
4 | Bliley Act. This argument is unavailing. The Gramm-Leach-Bliley Act requires financial institutions,
5 | including insurance companies, to protect the security and confidentiality of their customers'
6 | nonpublic personal information. See 15 USC § 6801(a), 15 USC § 6809(3)(A). Regardless, a
7 | financial institution does not violate the act if it provides the information in response to judicial
8 | process, including civil discovery. 15 USC § 6802(e)(8); see Marks v. Global Mortg. Group, Inc.,
9 | 218 F.R.D. 492, 496 (S.D. W. Va. 2003); see also William Schwarzer et al., Cal. Prac. Guide Fed. Civ.
10 | Pro Before Trial Ch. 11(III)-B §1021. Neither the insurance provider, nor broker, subpoenaed in
11 | the instant dispute would violate the Gramm-Leach-Bliley Act by providing the responsive
12 | documents to Plaintiff.

13 |       Defendants contend that the subpoenas request irrelevant information. Plaintiff
14 | explains that the requests aim to elicit potential evidence that Defendants knew of litigation risks
15 | or the decreased value of their company.  This Court finds Plaintiff with the better argument.
16 | Defendants complain that the subpoenas request irrelevant information including insurance
17 | applications, expired policies, and reservation of rights letters. However, any representation that
18 | Defendants provided to their insurance company may provide evidence to support Plaintiff's
19 | fraud claim. The Court declines to modify the scope in light of the relevance of the information
20 | sought. Also persuasive is the third parties', Lemas & Associates and Illinois Union's, failure to
21 | object to the subpoenas. Thus, in balancing the relevance of the discovery sought, the requesting
22 | party's need, and the potential hardship to the party subject to the subpoena, the Court
23 | concludes that the subpoenas are appropriate and declines to issue a protective order to quash
24 | or modify them.
25 | ///
26 | ///
27 | ///
28 | ///

1  **IV.** **CONCLUSION**

2  Defendants' Request for Protective Order Quashing or Limiting Scope of the Third Party Subpoenas (Doc. No. 25) is DENIED. The Court finds the documents requested to be non-privileged and relevant to the case at bar.

DATED: August 4, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge