FILED

10 SEP 10 PM 1:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RQ CONSTRUCTION, INC., <br><br> Plaintiff, <br> vs. <br><br> ECOLITE CONCRETE U.S.A., INC.; et al., <br><br> Defendants. | CASE NO. 09-CV-2728 BEN (WVG) <br><br> ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT <br><br> [Docket No. 21] |

This lawsuit arises out of Plaintiff's purchase of shares in Defendant Ecolite Concrete U.S.A., Inc. ("ECUSA"). ECUSA allegedly holds exclusive rights to market a patented concrete construction product known as Ecolite.

On December 4, 2009, Plaintiff initiated this action against Defendants, alleging federal securities violations and related state law claims. Plaintiff now moves for leave to file an amended complaint that adds allegations relating to the fraud claims; Plaintiff does not seek to add parties or add causes of action. (Docket No. 21.) Plaintiff's motion was filed by the deadline in the scheduling order and, therefore, is subject to the standard set forth in Federal Rule of Civil Procedure 15(a). *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) ("a motion for leave to amend within the deadline set by the district court . . . is subject to the limited constraints placed on motions for leave to amend under Rule 15(a)"). Defendants filed a conditional opposition to Plaintiff's motion, stating Defendants do not oppose the motion as long as Plaintiff is required to amend its initial Rule 26(a)(1) disclosures to account for the new allegations.

Amendment under Rule 15(a) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, Plaintiff's proposed amendments do not add claims or parties, but rather add allegations of misrepresentation to existing fraud claims. Discovery is still in its early stages and, in fact, is not required to be completed until January 14, 2011. Additionally, no trial date or pretrial conference has been scheduled. Accordingly, the Court finds Defendants have sufficient time to address the new allegations and there is no evidence of undue delay, dilatory motive, or undue prejudice. There is also no evidence in the record showing the proposed amendments are made in bad faith or would be futile. Defendants argue the new allegations change the damage calculations. Even if true, however, there is sufficient time for discovery to assess these changes. Defendants also contend that any leave to amend should be conditioned on Plaintiff amending its initial Rule 26(a)(1) disclosures. On reply, however, Plaintiff agrees to amend its Rule 26(a)(1) disclosures to account for the new allegations.

Accordingly, the Court finds justice requires granting Plaintiff leave to amend under Rule 15. Plaintiff may file a first amended complaint in substantially the same form as that attached to its motion, on or before September 20, 2010. Additionally, Plaintiff must serve on Defendants its amended Rule 26(a)(1) disclosures no later than September 30, 2010.

**IT IS SO ORDERED.**

Date: September __, 2010

Hon. Roger T. Benitez
United States District Court Judge