FILED
2011 AUG 19 PM 3:00
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RQ CONSTRUCTION, INC., <br><br> Plaintiff, <br> vs. <br><br> ECOLITE CONCRETE U.S.A., INC., et al., <br><br> Defendants. | CASE NO. 09-CV-2728 BEN (WVG) <br><br> **ORDER GRANTING RELIEF FROM CIVIL LOCAL RULE 55.1** <br><br> [Docket No. 66] |

The present action is a dispute over alleged false representations made by Defendants Ecolite Concrete U.S.A., Inc., Ecolite International, Inc., and Brian Smith during the course of stock transactions and other business dealings. On June 13, 2011, the Court ordered the Clerk to enter default against Ecolite Concrete U.S.A., Inc., and Ecolite International, Inc. ("Defaulting Defendants"). (Docket No. 62.) The June 13 Order did not apply to Defendant Brian Smith. On June 14, 2011, the Clerk entered default against the Defaulting Defendants. (Docket No. 63.) Pursuant to Civil Local Rule 55.1, Plaintiff's deadline for moving for default judgment against the Defaulting Defendants was July 14, 2011. Plaintiff filed a Motion for Relief from Civil Local Rule 55.1. (Docket No. 66.) None of the Defendants oppose the Motion.

Rule 55.1 provides, "If plaintiff(s) fail(s) to move for default judgment within thirty (30) days of the entry of a default, the clerk will prepare, with notice, an order to show cause why the complaint against the defaulted party should not be dismissed." On the other hand, Federal Rule of Civil Procedure 54(b) provides, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines

that there is no just reason for delay." In *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), the Supreme Court held that where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated in regard to all the defendants. This rule has been extended "to apply to defendants who are similarly situated, even if not jointly and severally liable." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

In its Motion, Plaintiff notes that "counsel for [Defendant] Mr. Smith has indicated his intention to object to the entry of a default judgment against the Defaulting Defendants, because it could result in an inconsistent judgment between Mr. Smith and the Defaulting Defendants." (Pl. Mot. at 2; Shah Decl. ¶ 2.) Plaintiff believes that "Defendant Smith's objection has merit because a default judgment against the Defaulting Defendants and in favor of Mr. Smith at trial is arguably inconsistent." (Pl. Mot. at 3.) Defendant Smith is the Chairman and CEO of Ecolite International, Inc., as well as the Chairman of Ecolite Concrete U.S.A., Inc. (Shah Decl. ¶ 3.) The allegations against Defendant Smith involve his duties as an officer of both Ecolite International and Ecolite Concrete. (*Id.*) In addition, five of Plaintiff's nine claims are alleged against Defendant Smith and at least one of the Defaulting Defendants. (*Id.*) A judgment against the Defaulting Defendants and a judgment in favor of Defendant Smith would be inconsistent.

Accordingly, the Motion is **GRANTED**. If this action proceeds to trial, the deadline for moving for default judgment against the Defaulting Defendants will be the date of trial, and the default prove-up for the Defaulting Defendants will be heard concurrently with the trial against Defendant Smith. If this action is resolved before trial, Plaintiff shall move for default judgment against Defaulting Defendants within 30 days of the resolution of the claims against Defendant Smith.

**IT IS SO ORDERED.**

DATED: August 19, 2011

HON. ROGER T. BENITEZ
United States District Court Judge