UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RQ CONSTRUCTION, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ECOLITE CONCRETE U.S.A., INC., ECOLITE INTERNATIONAL, INC., BRIAN SMITH,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   09cv2728-CAB (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO RE-TAX COSTS, DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, and DENYING DEFENDANT'S APPLICATION FOR ORDER TO TREAT ATTORNEY'S FEES MOTION AS TOLLING MOTION AS MOOT**<br><br>**[Doc. Nos. 193, 212, 216]** |

　　　Before the Court are Defendant Smith's Motion to Re-Tax Costs [Doc. No. 193,] Plaintiff RQ Construction Inc.'s ("RQ") Motion for Attorneys' Fees [Doc. No. 212,] and Defendant Smith's Application for an Order to treat Plaintiff's Motion for Attorney's Fees as Tolling Motion Under FRCP 58 (e) [Doc. No. 216.] The Court took the first two matters under submission without oral argument [Doc. Nos. 211, 215.] For the reasons set forth below, Smith's Motion to Re-Tax Costs is **GRANTED IN PART**, RQ's Motion for Attorneys' Fees is **DENIED**, and Smith's tolling motion is **DENIED AS MOOT**.

**I.　　BACKGROUND**

　　　RQ brought this action against Defendants in December of 2009 for securities fraud and negligent misrepresentation arising out of a business relationship between the parties involving Defendants' Ecolite concrete product. In November of 2011, RQ filed the operative Second Amended Complaint, alleging the following claims: 1) Failure to Register, Title 15 U.S.C. § 77e, *l*; 2) Negligent Misrepresentation in a Public

Offering, 15 U.S.C. § 77*l*; 3) Control Person Liability, 15 U.S.C. § 77o; 4) Negligent Misrepresentation (stock); 5) Breach of Contract (Put Option Agreement); 6) Rescission of Put Option Agreement, Cal. Civ Code § 1689; 7) Breach of Contract (warrants); 8) Rescission of Warrants, Cal. Civ. Code § 1689; 9) Negligent Misrepresentation (Capitalization); 10) Negligent, False, or Misleading Statements, Cal. Corp.Code §§ 25401, 25501; and 11) Sale in Violation of Qualification Requirements; Cal. Corp. Code § 25110. [Doc. No. 90.] No motions for summary judgment were filed; however Defendant Smith raised several potentially dispositive issues in his respective motions in limine. Because several of the motions raised the issue of Plaintiff's standing to bring certain claims, which can be raised at any time, the Court considered the arguments in the interest of managing the issues for trial. [Doc. No. 158.]

The Court found as a matter of law that Plaintiff lacked standing to raise its First Cause of Action for Failure to Register pursuant to 15 U.S. C. §§ 77e, and 77*l* for the Defendants' alleged failure to register the sale of stock to the investment entity Eye See Partners, LLC – an entity that is not a party to this lawsuit– finding that RQ's purchases of stock were not "integrated" with the sales to Eye See Partners. *Id.* at 2, *citing S.E.C. v. Murphy*, 626 F.2d 633, 645 (9th Cir. 1980). The Court accordingly dismissed the Failure to Register claim prior to trial. *Id.*

A jury trial commenced on June 18, 2012. During the trial, Smith made an oral motion to dismiss Plaintiff's Second Cause of Action for Negligent Misrepresentation in a Public Offering, 15 U.S.C. § 77*l*, because there was no evidence of a prospectus that was issued in connection with RQ's stock purchases. The Court permitted Plaintiff's counsel to proffer evidence regarding a prospectus outside the presence of the jury, and finding that there was no credible evidence as such, dismissed Plaintiff's 15 U.S.C. § 77*l* claim.

The trial proceeded until June 27, 2012, whereupon the jury received instructions as to the negligent misrepresentation claims only. The jury returned a verdict in favor of the Plaintiff on July 2, 2012, and awarded Plaintiff $4,343,917 in damages for its investment in the manufacturing business. [Doc. No. 179.] It awarded $0 in damages for the stock acquisition. *Id.* Judgment was entered accordingly in favor of RQ Construction, Inc. and against Brian Smith. [Doc. No. 180.] Default Judgment was entered against Defendant ECUSA for rescission of the Put Option Agreement in the amount of $3,000,000 for the Sixth and Tenth Causes of Action, and against Defendants ECUSA and Ecolite International, Inc. in the amount

of $4,343,917 based on their respective joint and several liability with Mr. Smith. [Doc. No. 208.]

## II.  MOTION TO RE-TAX COSTS

Plaintiff submitted a Bill of Costs on July 17, 2102, seeking recovery of $18,934.06 in costs. [Doc. No. 184.] Smith objected to several of the requested items, and on August 6, 2012 the Clerk of the Court entered an order Taxing Costs against Smith in the amount of $18,367.56 (reducing the requested amount by $566.50 for s for non-taxable costs). [Doc. No. 192.] Smith timely filed the instant Motion to Re-Tax Costs pursuant to CivLR 54.1.h. [Doc. No. 193.]

In his motion, Smith challenges RQ's recovery of costs in light of the fact that Smith prevailed on nine of RQ's claims against him. Because RQ ultimately prevailed on its negligent misrepresentation claim, and was awarded a jury verdict of $4.3 million, the Court does find that RQ is entitled to recover some costs; however it should not be permitted to recover costs for pursuing its non-meritorious securities claims. *See* Fed Rule Civ. Proc. 54(b); *Assoc. of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (District Court has discretion to refuse to award costs).

As RQ did not dispute Smith's assertions that the specific costs he challenged were spent in pursuit of the failed securities claims, the Court finds it appropriate to reduce the costs award by **$7,710.88**, and accordingly orders that **$10,656.88** be taxed in favor of RQ.

## III.  MOTION FOR ATTORNEYS' FEES

RQ moves to recover $933,491 in attorneys' fees pursuant to the attorneys' fees provision in the parties' Put Option Agreement. The fee request includes RQ's attorneys' fees incurred in pursuing all of its claims through trial. [Doc. No. 212-1 at 18.] As with the costs motion, the Court finds that while RQ may be entitled to recover attorneys' fees for its successful claims, it would be inequitable to award fees incurred in pursuit of RQ's unsuccessful claims. *See Anderson v. Melwani*, 179 F.3d 763, 766 (9th Cir. 1999) (court may refuse to enforce a contractual attorney's fees provision where an award of fees would be "inequitable and unreasonable"). Where, as here, a plaintiff prevails on only one of several claims, the fact that " the plaintiff is a 'prevailing party' ... may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). *See also Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 832, 833–834 (time spent on unsuccessful or unrelated claims may be excluded from the lodestar calculation in motion for attorneys' fees); *Fine v. Ryan*

*Int'l Airlines,* 305 F.3d 746, 756–757 (7th Cir. 2002) (no abuse of discretion to reduce fees due to unsuccessful claims).

As the fee applicant, RQ bears the initial burden of substantiating the hours worked and the rate claimed. *Hensley*, 461 U.S. at 437.[1]  Specifically, the applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.*  To establish the hours worked by each attorney at a firm, as required under the "lodestar" method for calculating attorney fee awards, the fee applicant must provide a fully detailed itemization of the date, hours and <u>nature of the work performed</u>. *See In re Washington Pub. Power Supply System Secur. Litig*. 19 F.3d 1291, 1305–1306 (9th Cir. 1994) (emphasis added). While plaintiff's counsel need not record in great detail how each minute of his time was expended, at a minimum he "should identify the general subject matter of his time expenditures." *Flitton v. Primary Residential Mortg., Inc.*, supra, 614 F3d 1173, 1178 (10th Cir. 2010) (billing entries must provide district courts with enough information to evaluate propriety of fee request) (internal quotes omitted).

The Court finds that RQ has not met its burden here.  Indeed the billing records submitted are so heavily redacted that the Court is completely unable to discern the subject matter of any work performed. A representative page of the 193 pages of billing records submitted reads as follows:



---

[1]Regardless of whether Mr. Smith may challenge the requested fees since they are sought as against ECUSA as opposed to Smith, the Court must still consider whether RQ has met its burden in its request.

Notice of Lodgment [Doc. No. 212-3] at Ex. 3, p; 2. Such redactions are wholly improper and are without justification for privilege, at least to the extent these redactions were employed. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344–1345 (Fed. Cir. 2011) (absent unusual circumstances, the detailed time records disclosure requirement does not violate the attorney-client privilege).

While the Court may have been willing to grant RQ's motion as to work done on the negligent misrepresentation claim, counsel's submission leaves the Court unable to ascertain whether and how much time was spent litigating specific claims, many of which involved the sale of stock well before RQ was involved with Defendants. The Court is not persuaded by RQ's argument that the claims were interrelated; to the contrary, based on the volume of pretrial filings and proposed exhibits dedicated go the unsuccessful securities claims, the Court presumes that a large percentage of the work done was dedicated to the pursuit of those claims. Other than to rely on Plaintiff's counsel's summary ostensibly separating out work done relating to the "stock," (*see e.g.* Doc. No. 212-2, Blum Decl. at ¶ 25, describing a "rough allocation of fees for stock-claim-specific tasks") without any means of cross-checking the estimates, the Court has no way of determining an appropriate amount of fees.

Since Plaintiff has failed to meet its burden to justify its reasonable attorneys' fees relating to the claims on which it prevailed, the Court **DENIES** the motion.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Smith's Motion to Re-Tax costs [Doc. No. 193] is **GRANTED IN PART**. RQ's recoverable costs are reduced by **$7,710.88**, and **$10,656.88** in costs shall be taxed in favor of RQ. Plaintiff's Motion for Attorneys' Fees [Doc. No. 212] is **DENIED**. In light of the foregoing rulings, Defendant's tolling motion [Doc. No. 216] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

DATED:  December 7, 2012

**CATHY ANN BENCIVENGO**
United States District Judge